(44 Misc. Rep. 488.)

TANNER v. RANKEN et al.

(Supreme Court, Special Term, Columbia County. July, 1904.)

1. ASSOCIATIONS—OFFICERS—REMOVAL.

An officer of an unincorporated association can be removed from such office, to which he was elected by the votes of the members, only by the association.

2. SAME—INJUNCTION.

Where plaintiff and his alleged fellow officers were not recognized by the organization they claim to represent as officers, a general statement in a suit by them to enjoin other persons from acting as officers is insufficient; where no facts are set forth in the moving papers from which it can be seen to what extent or in what manner they have performed their duties, nor to what extent, if at all, such duties have been accepted by the various members of the association.

Action by Marvin H. Tanner, president of the National Carriage Dealers' Protective Association, against William Ranken and others. Motion by plaintiff to continue injunction. Denied.

Peck & Behan, for the motion.
H. P. Humphrey, opposed.

COCHRANE, J. On the facts appearing from the papers submitted on this motion, such motion cannot be granted. The plaintiff claims to have been elected president of the association at a meeting thereof held in Philadelphia in October, 1903. The by-laws of said association in force at that time provided for a meeting of the association in the month of October, "at such time and place as shall be agreed on at the previous meeting of the association; or in the absence of such action by the association, the executive committee shall designate such time and place of meeting." The defendant's affidavits show that no time and place for the October meeting had been agreed on at the previous meeting of the association, and that such time and place had not

been designated by the executive committee. The only statement I find in the plaintiff's affidavits bearing on this question is a general statement, contained in the complaint "that the last meeting of said association was duly held on the 13th day of October, 1903, in the convention hall of the National Export Exposition Building in the city of Philadelphia, Pa.; that day and place having been duly designated for that purpose by said association." If by this general statement it is meant that the day and place for the October meeting had been designated by the previous meeting of the association, such statement is controverted by the defendant's affidavits, and cannot be deemed to be established on this motion. It furthermore appears, without contradiction, that the defendant Ranken was duly elected secretary of the association at the meeting thereof in October, 1902, for the term of one year; that at a meeting of the executive committee held on the 1st day of August, 1903, such committee assumed to remove Ranken from the office of secretary, and to appoint one Remsen in his place; and that the call for the meeting in October, 1903, was signed and sent out by said Remsen, assuming to act as such secretary. The by-laws of the association gave to the executive committee no power to remove Ranken or to appoint his successor. His election came from the association itself, and was for the term of one year, and his removal from office could only be accomplished by the body which elected him. Notice of the October meeting of the association in 1903 was not sent to all of the parties entitled thereto, and the meeting was only attended, according to the affidavits before me, by not more than 25 out of an active membership of from 600 to 1,000. Ranken, who was the secretary of the association, and, for aught that appears, was lawfully entitled to participate in the proceedings, was forcibly excluded therefrom. It requires no argument to demonstrate that a person basing his claim to an office on an election at a meeting thus called and thus conducted must fail in his contention.

The plaintiff urges, however, that the election at Philadelphia in October, 1903, cannot be reviewed in this case or in a court of equity. It may be true, as a general proposition, that the title to an office, even in an unincorporated association, cannot be tried in an equity action. But the plaintiff brings this action under section 1919 of the Code of Civil Procedure, by virtue of the fact that he is "the president or treasurer of an unincorporated association consisting of seven or more persons." It is necessary for him to allege and prove, as a necessary prerequisite to his right to maintain the action under this Code provision, that he is president of the association. The plaintiff himself in an action of this kind introduces the question of his title to the office, which he must necessarily establish when it is controverted. In Ostrom v. Greene, 161 N. Y. 353, 55 N. E. 919, an action in equity brought by the president of an unincorporated association, the court said: "The main question presented for decision is whether there was evidence to support the finding that the plaintiff was president of the association when this action was commenced." After reviewing the facts at length, the court again said: "We thus reach the controlling question whether the trial court could properly draw the inference from these facts that Mrs. Ostrom [the plaintiff] was president of the association when this

action was commenced;" and the conclusion was reached by the court, after considering the regularity of the meeting at which she was elected, "that her election was in all respects regular and valid," and that she had the right to bring the action under the Code provision above referred to. So, in Reis v. Rohde, 34 Hun, 161, it was said (at page 166) that "a claimant in possession may maintain an action to restrain, and in such and like cases the right of possession or title may be determined, in so far as it may be necessary to determine the action."

But it is further contended by the plaintiff that it is immaterial whether or not he was lawfully and regularly elected to the office of president; that he may restrain the defendants from interfering with himself and his fellow officers, who were elected at the same time, provided plaintiff and his fellow officers are de facto officers, and are recognized by the association or the members thereof as properly elected, and as properly in the discharge of the functions of such offices. The difficulty with that contention is that the facts here do not warrant the application of the principle contended for, assuming the contention to be well founded in a proper case. In Reis v. Rohde, supra, it appeared that the plaintiffs were recognized by the organization which they claimed to represent as properly elected, and the court held (page 162) that it was a case calling for equitable interference, not on the ground "that the individual plaintiffs were duly elected, but on the ground that they were recognized by the authorities then existing." I have searched in vain in the papers before me for any evidence of recognition of the plaintiff and his alleged fellow officers by the organization they claim to represent. The general statements in the moving papers to the effect that since their election they have been actively and continuously performing the duties of their office are in substance controverted in the opposing affidavits. No facts are set forth from which it can be seen to what extent or in what manner they have been performing such duties, nor to what extent, if at all, such duties have been recognized and accepted by the various members of the association. It appears, on the other hand, that the defendants have been assuming to exercise the duties of the offices to which they respectively claim to have been elected, and one of the grounds on which the injunction is sought is that the defendant Ranken is adjusting complaints of members of the association, such adjustment being within the proper duties of the secretary. It is clear he could not adjust such complaints unless they were submitted to him by the various members of the association, and hence it is obvious that he receives a certain amount of recognition. If it be claimed that the Troy meeting in February, 1904, at which the defendants claim to have been elected, was irregular and unauthorized, the answer is that, as the facts now appear, the Philadelphia meeting in October, 1903, was equally irregular and unauthorized. The latter meeting, being attended by 25, was not nearly as large, and hence not as representative, as the Troy meeting, which was attended by 105 active members in person or by proxy. So far as the facts are disclosed on this motion, the defendants are receiving greater recognition as officers of the association than those elected as officers at the Philadelphia meeting. If the will of the majority is to control, the defendants seem to have a greater number on their side.

It is possible, however, that the facts are in reality different from what appear to be the facts from the papers used on this motion, and hence, although the motion must be denied, such denial should be without prejudice to a renewal thereof. Motion denied, with $10 costs, and with leave to the plaintiff to renew the same on payment of such costs.

Motion denied, with $10 costs, with leave to plaintiff to renew on payment of costs.